UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CEDRIC THOMPSON,

Plaintiff,

v.                                                    CAUSE NO. 3:25cv1021 DRL-SJF

MARTIN *et al.*,

Defendants.

OPINION AND ORDER

Cedric Thompson, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 7.) The court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Thompson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Thompson is an inmate at Miami Correctional Facility (MCF). He claims that on or about October 23, 2025, Officer Martin (first name unknown) was delivering a food tray to his cell. In the process, Officer Martin allegedly opened the wrapper containing

one of the food items, which Mr. Thompson made upset. He told the officer he shouldn't have done that. The officer allegedly responded by slamming the cuff port door on Mr. Thompson's hand, breaking one of his fingers. He states that Officer Martin did not do this for any legitimate security reason, but because he was angry about Mr. Thompson's comment. He claims the officer called him a racial slur before being told to leave by Officer Torres (first name unknown).

Mr. Thompson claims he showed his injured finger to Officer Torres, as well as Sergeant Bryant, Sergeant Hodge, and Lieutenant Campbell (first names unknown), who were also working in the area. He asked them for medical attention, but they allegedly told him they had more important things to do and "that's what you get" for "messing" with a correctional officer. He claims in the days following this injury, he encountered two different nurses who were delivering medication in his unit, Nurse Debbie (last name unknown) and Nurse Scott (first name unknown). He claims they both promised to come back later to look at his finger but never did.

He further claims that in November 2025, some inmates came by his cell and called him a "snitch" and other names. He claims that Officer Martin and Sergeant Hodge told the inmates he was a snitch to get back at him for filing grievances about the cuff port incident. Based on these events, he sues the above-named individuals for money damages.[1]

---

[1] Mr. Thompson filed a motion for preliminary injunction with his original complaint, which was stricken for procedural reasons. His motion was denied without prejudice. He clarifies in his amended complaint that he no longer wishes to pursue injunctive relief.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation and quotations omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Though *de minimis* uses of force are not actionable, "a prisoner need not suffer 'serious injury' in order to bring an Eighth Amendment claim." *Id.* at 890-91 (citation omitted).

Here, Mr. Thompson claims Officer Martin slammed a metal door on his hand for no legitimate security reason, breaking one of his fingers. Accepting his allegations as true, which the court must at this stage, he has alleged enough to proceed further against Officer Martin on an excessive force claim.

He also sues Officer Torres, Sergeant Bryant, Sergeant Hodge, Lieutenant Campbell, and the two nurses for the denial of medical care. To assert a violation of the Eighth Amendment right to medical care, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to

prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

The court will presume for purposes of this opinion that Mr. Thompson had an objectively serious medical need, as he alleges that one of his fingers was broken. On the second prong, he claims he showed the correctional officers his broken finger and they allegedly refused to help him, telling him they had more important things to do and, in effect, that he deserved it. He has plausibly alleged a deliberate indifference claim against the officers.

As for the nurses, he alleges only that they promised to come back to help him but never did. The court cannot plausibly infer from the information he provides that the nurses deliberately turned a blind eye to his medical needs. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (observing that merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards). He may be claiming that the nurses should have done their jobs better, but this does not amount to deliberate indifference. *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002) ("the mere failure . . . to choose the best course of action does not amount to a constitutional violation"); *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997) ("Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety."). He has not plausibly alleged that the nurses acted with a mental state akin to criminal recklessness. They will be dismissed.

He additionally claims Sergeant Hodge and Officer Martin unlawfully retaliated against him in violation of the First Amendment. To state a claim under the First Amendment, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation and quotations omitted).

Mr. Thompson satisfies the first prong, because filing a grievance qualifies as protected activity. *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020). On the second prong, being labeled a "snitch" could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *see also Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008) (observing that "it's common knowledge that snitches face unique risks in prison"). On the final prong, he claims there was a direct link between his First Amendment activity and their actions, in that the officers were angry about his grievances and hoped threats from other inmates would "silence" him. He has alleged enough to proceed further on a First Amendment claim.

Finally, he says he is suing Officer Martin for "racial discrimination" based on his alleged use of a racial slur. Although unclear, he may be invoking the Fourteenth Amendment Equal Protection Clause. "[L]itigants should use the part of the Constitution that most directly addresses their concerns." *Conner v. Schwenn*, 821 F. App'x 633, 636 (7th Cir. 2020); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (constitutional claims must be analyzed under the most "explicit textual source of constitutional protection"). Mr.

5

Thompson's allegations that Officer Martin was angry at him and slammed a metal door on his hand are more appropriately analyzed under the Eighth Amendment as an excessive force claim. The court has permitted him to proceed on this claim. Mr. Thompson can have "but one recovery" against the officer, *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012), and the case "gains nothing by attracting additional constitutional labels," *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *see also Vukadinovich v. Bartels*, 853 F.2d 1387, 1391–92 (7th Cir. 1988) (affirming dismissal of equal protection claim that amounted to "a mere rewording" of another constitutional claim contained in the complaint).

Furthermore, the isolated comment the officer allegedly made as he was leaving the area, while offensive, does not by itself amount to an equal protection violation. "The use of racially derogatory language, while unprofessional and deplorable, does not . . . deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by, Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020); *see also Nelson-El v. Elkins-Watts*, No. 3:19cv300, 2019 WL 1992434, 2 (N.D. Ind. May 6, 2019) (allegation that officer used racially insensitive language did not state equal protection claim); *Gutierrez v. City of Indianapolis*, 886 F. Supp. 2d 984, 999 (S.D. Ind. 2012) ("The Seventh Circuit . . . has consistently articulated that the isolated use of racially derogatory language, while deplorable, does not rise to the level of a constitutional violation."). He will not be permitted to proceed on this claim.

For these reasons, the court:

6

(1) GRANTS the plaintiff leave to proceed against Officer Martin (first name unknown) for monetary damages for using excessive force against him in violation of the Eighth Amendment by slamming a metal door on his hand for no legitimate security reason on or about October 23, 2025;

(2) GRANTS the plaintiff leave to proceed against Officer Torres, Lieutenant Campbell, Sergeant Bryant, and Sergeant Hodge (first names unknown) in their individual capacity for money damages for denying him medical care for a broken finger in violation of the Eighth Amendment on or about October 23, 2025;

(3) GRANTS the plaintiff leave to proceed against Officer Torres and Sergeant Hodge (first names unknown) in their personal capacity for monetary damages for retaliating against him in violation of the First Amendment in November 2025 by telling other inmates he is a snitch because of grievances he filed;

(4) DISMISSES Scott and Debbie as defendants;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Martin, Officer Torres, Lieutenant Campbell, Sergeant Bryant, and Sergeant Hodge (first names unknown) at the Indiana Department of Correction and to send them a copy of this order and the amended complaint (ECF 7) pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(8) ORDERS Officer Martin, Officer Torres, Lieutenant Campbell, Sergeant Bryant, and Sergeant Hodge to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 26, 2026

_s/ Damon R. Leichty_
Judge, United States District Court